MAY 9, 1803.

# Samuel Smith v. Richard Durrett.

*Upon an appeal from a decree of the Court of Quarter Sessions of Mason county.*

1. If credit be given exclusively to one partner, and it is not intended to look to or hold the other, the latter can not be made responsible.

2. A court of equity will not aid a party in setting up a legal defense, which he omitted to make at the proper time, to an action at law.

Smith *v.* Durrett.

Smith having commenced a suit at law, for goods, wares, and merchandize sold and delivered to Durrett, obtained a judgment thereon for £37 14 1, to be relieved from the payment of which, Durrett brings a suit in equity, and obtains an injunction to stay the proceedings on the said judgment, suggesting that a partnership existed between Smith and Thomas Sloo, and that the goods were delivered on the credit of Sloo; this injunction was made perpetual by the inferior court.   The counsel for Smith contended that a partnership between Smith and Sloo is not directly charged in the bill or relied on—that if a partnership did exist it was only in a special and particular way, and not understood by the parties to have the effect to make each liable for the contracts of the other—that the purchase of the wheat and cordage made by Sloo of Durrett, was in his individual character, and not as a partner of Smith's; that the goods were delivered to Durrett on his own credit and not on Sloo's.

The counsel for the appellee contended that a partnership did exist between Smith and Sloo, and although it was for a particular purpose, yet that the wheat purchased by Sloo of Durrett, was embraced in the partnership; that the agreement was understood in different ways by Sloo and Smith; that Sloo's understanding of the agreement, comported with the writing, and, therefore, was the more correct, and that the goods were delivered on the credit of Sloo.

As to the partnership, it is not directly charged in the bill, nor is it so sufficiently stated or proved, as to justify the inferior court in affording the relief which they have extended to the appellee; if any partnership existed, from the proofs in the cause, it is evident that the parties did not intend to make each liable for the contracts of the other; this was clearly Smith's understanding of the agreement, and from different parts of Sloo's conduct, it appears he was once of that opinion, which probably was changed with his circumstances.   It also appears from Durrett's own showing in his bill, that he made the sale of the wheat and cordage to Sloo, on his individual credit, and held him personally liable for the amount; nor does Durrett show or state, even admitting the partnership, that any thing is due to him from the partnership. The second point relied on, that the goods were delivered on the credit of Sloo, seems to be at variance with the first; but waiving that, it appears that the sale of the wheat and cordage made by Durrett to Sloo, was in December, 1798; that previous to this time

Durrett had received goods to the amount of £11 15 7, expressly on his own credit, as Sloo was not his debtor until that contract took place, at least the record affords no evidence that he was. After this period, it seems to be admitted that Smith would have delivered goods to Durrett, upon Sloo's credit, provided he had produced an order, and it appears from the bill that Durrett was informed by Smith's agent that an order from Sloo was necessary; that he still continued to take up goods without such order, the exhibits also prove; that Durrett knew that he stood charged in Smith's books, with the goods, and it does not appear that any such order was ever produced, and therefore this court conceives that Durrett obtained the goods on his own credit, and this opinion is fortified by the decision of the constitutional tribunal to ascertain the fact, for it appears that this question was litigated before the jury, on the trial at law, and their verdict accords with the opinion of this court; and if it was not litigated before the jury, Durrett might and ought then to have defended himself on this ground. Having defended himself, and failing, or neglecting to make this defense, a court of chancery ought not now to interfere to relieve him. Wherefore, it is considered by the court, that the decree aforesaid be reversed with costs; that the cause be remanded to the Mason circuit, with directions to dissolve the injunction and dismiss the bill with costs, which is ordered to be certified to the said court.